UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MANJIKIAN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES<br><br>    Defendant. | Case No. 2:23-CV-08642-FMO-RAO<br><br>STIPULATED PROTECTIVE ORDER |

**A. <u>PURPOSES AND LIMITATIONS</u>**

Disclosure of the Certified Administrative Record ("CAR") in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**B. <u>GOOD CAUSE STATEMENT</u>**

Plaintiff George Manjikian previously filed a Form I-589, Application for Asylum and Withholding of Removal ("asylum application") before the United States Citizenship and Immigration Services. Because Plaintiff's asylum application was reviewed and considered to adjudicate Plaintiff's subsequent Form I-485, Application to Register Permanent Residence or Adjust Status, the CAR will contain personally

1

identifiable information and confidential information which pertains to Plaintiff's asylum claim.

Federal Rule of Civil Procedure 26(c)(1) provides that a party may move for a Protective Order and a court may issue a Protective Order for good cause. The parties believe that good cause exists for the entry of a proposed Protective Order to protect against the unauthorized disclosure of confidential, for-official-use-only, and private information.

Furthermore, 8 C.F.R. § 208.6 prohibits disclosure of information related to an asylum request. This regulation is designed to protect the confidentiality of asylum applicants to prevent "the disclosure of facts that would link the [applicant]'s identity with the fact that the alien has applied for asylum.'" *Lin v. United States*, 459 F.3d 255, 263 (2nd Cir. 2006); *Doe v. U.S. Citizenship and Immigration Services*, Case No. 1:21-cv-00576-NONE-SAB, 2021 WL 1907562 at *4 (E.D. Cal. May 12, 2021). In other words, the regulation protects the applicant from risk of persecution if he were to return to his home country. Furthermore, Defendant is bound by 8 C.F.R. § 208.6 to prevent public disclosure of Plaintiff's identity and the basis for his asylum application.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of materials within the CAR, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## C. **DEFINITIONS**

1. "Litigation" shall mean the case captioned *George Manjikian v. United States Citizenship and Immigration Services,* Case No. 2:23-CV-08642-FMO-RAO (C.D. Cal.).

2. "Confidential Information" shall mean information that, at the time of its furnishment in the Litigation, or thereafter, is designated confidential by the Producing Party because of a good-faith belief that the information is not in the public domain, or if in the public domain, is improperly in the public domain; and:

   a. is a trade secret or other confidential research, development, or commercial information as such terms are used in Fed. R. Civ. P. 26(c)(1)(G);

   b. personal financial, medical or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Fed. R. Civ. P. 5.2;

   c. is information protected by the Privacy Act of 1974, 5 U.S.C § 552a, 8 U.S.C. § 1202(f), 8 U.S.C. § 1367, 8 C.F.R. § 208.6, or any other applicable statute or regulation;

   d. any information compiled for law enforcement purposes, including, but not limited to, investigative files and techniques related to the integrity of the legal immigration system, suspected or known fraud, criminal activity, public safety, or national security, and investigative referrals;

   e. any sensitive, but unclassified, information to include limited-official-use or for official use only information;

   f. names, email addresses, and phone numbers of federal employees;

   g. is information that could, if disclosed, be used to interfere with the official duties of Government employees; or

   h. is information that a party reasonably and in good faith believes should

3

  be protected from public disclosure, but is not otherwise provided for under this paragraph (2), for good cause shown. Any party who invokes clause (h) of this paragraph shall furnish the basis of their belief that the underlying document should be treated as confidential.

3. "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, so that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

4. "Document" shall mean all items listed in Fed. R. Civ. P. 34(a)(1)(A)-(B).

5. "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order.

6. "Designating Party" shall mean the party or other person seeking to designate and have treated as Confidential Information pursuant to this Protective Order.

7. "Producing Party" shall mean the person or party furnishing the Document in the Litigation.

8. "Receiving Party" shall mean any party who receives information that has been designated as Confidential Information.

9. "Personally Identifiable Information" or "PII" includes, without limitation thereto, the information listed in Fed. R. Civ. P. 5.2(a).

**D. PURPOSE, SCOPE, AND LIMITATIONS OF PROTECTIVE ORDER**

1. This Protective Order applies to the Plaintiff, Defendants, any third-party or future plaintiffs or defendants, their respective attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons, entities, or organizations over

which they control. This Protective Order also applies to any parties and/or individuals who are added to the case after the issuance of this order. Anyone falling under this definition shall be referred to as "parties" in this Order.

2. This Protective Order applies to the entire Litigation and any appeal of this Litigation, whether the Documents are produced by a party or a person or entity who is not a party to this Litigation (a "non-party"). This Order binds the Parties and their respective agents, successors, personal representatives, and assignees.

3. Nothing in this Protective Order supersedes or limits lawful exercise of authority granted by existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

4. This Protective Order shall not prejudice in any way any party's ability to challenge the use or disclosure of information other than information designated as Confidential Information under this Protective Order. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential or (b) privileged.

5. The protections conferred by this Protective Order do not cover any information (i) properly in the public domain; (ii) becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record here through trial or otherwise; or (iii) known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

6. This Protective Order does not govern the use by the Parties of Confidential Information in open court at any hearing or trial, but the Parties reserve the right to seek relief from the Court in connection with the intended use of Confidential Information in any such hearing or trial.

7. This Protective Order governs the disclosure, use, and handling of all Confidential Information, regardless of the format or medium in which such Confidential Information is generated, stored, or maintained.

8. Any Confidential Information referenced in any pleading or contained in any Document filed with the Court here by the Producing Party shall at the time of filing cease to be Confidential Information unless the Producing Party files the un-redacted pleading or Document under seal.

9. Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

10. This Protective Order applies only to disclosures, uses, and handling of Confidential Information occurring after the entry of this Protective Order.

11. Neither the termination of this Litigation nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person of his or her obligations under this Protective Order, which shall survive.

12. Any party may at any time seek modification of this Order by agreement or, failing agreement, by motion to the Court.

**E. DURATION**

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all

members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

### F. METHOD FOR DESIGNATING CONFIDENTIAL INFORMATION

1. Designations of Confidential Information shall be made by the Producing Party, prior to or at the time of production, except as otherwise provided by this Protective Order.

2. The Designation of Confidential Information should be limited only to those Documents that qualify under the appropriate standards or under the definition of "Confidential Information" in Section C(2) of this Protective Order.

3. Documents furnished by any party to any other party shall be designated as containing "Confidential Information." For documents furnished in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of "CONFIDENTIAL" on each page of the document asserted to contain Confidential Information. For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "CONFIDENTIAL".[1] The media on which the Confidential Information is provided (e.g., CD, DVD, external hard drive) also must be and remain labeled with "CONFIDENTIAL" unless the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated as Confidential Information must be done in a manner

---

[1] The original metadata of the native files should be retained pursuant to the parties' agreement.

    that maintains the protection for all copies, including, but not limited to, in the filename(s) and the location where the copies are stored and users' access thereto.

4. If it comes to a Producing Party's attention that information designated as Confidential Information does not qualify or no longer qualifies for protection, the Producing Party must promptly notify all Parties that it is withdrawing the designation for the applicable information.

5. When it comes to Personally Identifiable Information (PII), the Parties agree that PII shall be assumed to be Designated as Confidential Information by default, without the need for specific "CONFIDENTIAL" markings or redactions on documents where PII may be found. The Parties may follow the procedures outlined in Section D of this Order to challenge an assumed assertion of Confidentiality over PII as any other Confidentiality Designation.

## G. CHALLENGING CONFIDENTIALITY DESIGNATIONS

1. A Challenging Party shall not be obliged to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

2. The Challenging Party shall initiate a challenge to the designation of any Confidential Information under this Protective Order by providing to the Designating Party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge.

3. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process within seven calendar days after the Designating Party receives notice from the Challenging Party. During the conferring process, the Challenging Party must convey its basis for the challenge and the Designating Party must have an opportunity to review the applicable documents and either keep or change the designation. The Designating Party must communicate its decision(s) to the

Receiving Party within 14 calendar days after receipt of notice of the challenge, or within a reasonable time agreed to by the Parties.

4. If the Designating Party decides to withdraw its designation, it shall give notice of this change to the Challenging Party.

5. If the Challenging and Designating Parties cannot come to a resolution within the time set forth in paragraph 3 above, or as otherwise agreed, either Party may move for a determination from the Court.

6. Any information designated as Confidential Information pursuant to and after the entry by the Court of this Protective Order shall be treated as Confidential Information until such time as (a) the Designating Party agrees that it shall no longer be treated as Confidential Information or (b) the Court rules that such information should not be treated as Confidential Information.

7. After a designation as Confidential Information is removed or withdrawn by the Designating Party or by the Court, the Designating Party must provide to the Receiving Party replacement documents, files, or information that is free from any markings or designations as Confidential Information. The replacement versions shall be provided in the same format as the information that is to be replaced, unless otherwise agreed to by the Parties. The presumptive time for providing the replacement information shall be ten days, but the Designating Party must in good faith provide the information in a reasonable time, considering any agreements with the Receiving Party, the volume of information to be re-produced, and the nature or format of the information.

H. **DISCLOSURE, USE, AND HANDLING OF CONFIDENTIAL INFORMATION**

1. A Receiving Party may use Confidential Information, in connection with this Litigation only for prosecuting, defending, or attempting to settle this Litigation, and shall disclose such Confidential Information only in

accordance with the terms of this Protective Order.

2. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Information.

3. Confidential Information shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons.

   a. Counsel (including outside counsel) for the Parties, including associated personnel necessary to assist counsel in this Litigation, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;
   b. Current employees of the Parties who are assisting with respect to this Litigation;
   c. Any person with prior authorized access to the Confidential Information;
   d. Current employees of the Producing Party;
   e. Court reporters and other persons not employed by this Court, retained to record or transcribe testimony or argument at interviews or depositions in connection with this Litigation;
   f. Photocopying, data processing, and other support services that are reasonably necessary for this Litigation;
   g. Mediators or arbitrators; and
   h. This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes) and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, or appeal in this Litigation.

4. Disclosure to the persons referenced in Sections H(3)(a)-(g) of this Protective

Order may only occur after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as "Exhibit A."

5. Persons receiving Confidential Information pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformity with this Protective Order.

6. Unless the Designating Party gives written permission, all Confidential Information that is filed with the Court must be (a) filed under seal or in camera in accordance with the Court's Local Rules and procedures, and/or (b) redacted from any filing that is publicly available.

7. If the need arises for any party to disclose Confidential Information in a proceeding in open Court or in support of a dispositive motion, it may do so only after giving seven days' notice to the producing party who, after a good-faith effort to meet-and-confer, may seek additional relief from the Court.

I. **INADVERTENT PRODUCTION OF CONFIDENTIAL INFORMATION**

1. Nothing here shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item.

2. The inadvertent or unintentional disclosure of Confidential Information that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time

after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Order.

3. If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure:

    (a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order;

    (b) promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A"; and

    (c) within five calendar days notify the Producing Party and all other Parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

J. **DISPOSITION OF DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION**

1. Except as provided in this Protective Order, within 90 days of the final termination of this Litigation, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either to (a) destroy or delete all

items designated as Confidential Information or (b) return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials may be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions. In disposing of information in its possession under this paragraph, Receiving Party also will take reasonable steps to notify persons to whom it distributed Confidential Information pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

    a. For material that contains or reflects Confidential Information, but that constitutes or reflects counsel's work product, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Confidential Information subject to this Protective Order.

    b. Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; hearing transcripts; legal memoranda; correspondence; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential Information, so long as such material is and remains clearly marked to reflect that it contains Confidential Information. Even after the final disposition of this Litigation, the terms of this Protective Order shall continue to govern the disclosure, use,

and handling of any Confidential Information unless its Designating Party agrees otherwise in writing or a court order directs.

    c. In particular, attorneys representing the United States, its agencies, or its officers in their official capacity may maintain copies of any documents designated Confidential in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential Information in their case file for this case, subject to statutory and regulatory provisions including 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

## L. **VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

\*\*\*

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED  February 21, 2024

/s/ *Ruben Sarkisian*
Attorneys for Plaintiff

DATED: February 21, 2024

/s/ *Erika Arce-Romero*
Attorneys for Defendant

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  2/23/2024

_____
HON. ROZELLA A. OLIVER
United States Magistrate Judge

15

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____[date] in the case of *Manjikian v. USCIS*, 2:23-cv-08642-FMO-RAO.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

1

1    Signature: _____

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28